1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   CINDY M. ALEJANDRE; and DAVID        No. 2:19-cv-233 WBS KJN
     GONZALEZ II, as co-successors-
13   in-interest to decedent David
     Gonzalez III,
14                                        MEMORANDUM & ORDER RE:
               Plaintiffs,                DEFENDANT COUNTY OF SAN
15                                        JOAQUIN'S MOTION TO DISMISS
          v.                              OR, IN THE ALTERNATIVE,
16                                        MOTION FOR A MORE DEFINITE
     COUNTY OF SAN JOAQUIN, a             STATEMENT
17   municipal corporation; and DOES
     1-50, inclusive, individually
18   and in their official capacity
     as Sheriff's Deputies for the
19   San Joaquin County Sheriff's
     Department,
20
               Defendants.
21

22                        ----oo0oo----

23

24        Plaintiffs Cindy M. Alejandre and David Gonzalez II

25   brought this survival and wrongful death action against the

26   County of San Joaquin ("the County") and unidentified individual

27   defendants for their conduct in connection with the death of

28   David Gonzalez III.  Before the court is the County's motion to

                                  1

dismiss or, in the alternative, motion for a more definite statement.  (Docket No. 8.)

I.  <u>Background</u>

Decedent David Gonzalez III was arrested and taken into custody at San Joaquin County Jail on June 22, 2018.  (Compl. ¶ 25 (Docket No. 1).)  Plaintiffs allege that decedent was denied medical care while he was detained despite repeatedly complaining that he felt ill.  (<u>Id.</u>)  Four days later, on June 26, 2018, sheriff's deputies with San Joaquin County attempted to transport decedent to Stockton Superior Court for arraignment.  (<u>Id.</u> ¶ 22.)  While being transported, decedent allegedly stated that he still felt ill and was refused any help.  (<u>Id.</u>)  Sheriff's deputies soon found decedent unconscious and without a pulse.  (<u>Id.</u> ¶ 23.)  Decedent was taken to St. Joseph's Hospital in Stockton, California, where he was later pronounced dead.  (<u>Id.</u> ¶ 24.)

Plaintiffs filed this lawsuit on February 7, 2019, alleging that these unidentified sheriff's deputies were deliberately indifferent to decedent's medical needs and that their actions ultimately resulted in decedent's death.  (<u>Id.</u> ¶¶ 26-30.)  Plaintiffs further contend that the County is also liable because its policies and practices were a cause of decedent's death and plaintiffs' injuries.  (<u>Id.</u> ¶ 21.)  Plaintiffs allege nine causes of action against the unidentified sheriff's deputies, and one cause of action against the County under 42 U.S.C. § 1983.  The County now moves to dismiss this cause of action and, in the alternative, for a more definite statement.

2

II.  Motion to Dismiss

    A.  Legal Standard

        On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (internal quotation marks and citations omitted).

    B.  Compliance with California's Survival Statute

        At the hearing on this motion, counsel for plaintiffs clarified that plaintiffs assert no wrongful death claim against the County, and their only claim against the County is a survival claim brought on behalf of decedent.

        Survivors of a deceased individual may bring claims under 42 U.S.C. § 1983 on that individual's behalf if the state's law authorizes a survival action.  Hayes v. Cty. of San Diego, 736 F.3d 1223, 1228 (9th Cir. 2013).  If the state's law authorizes such an action, the parties bringing the survival action bear the burden of showing that they meet the state's requirements set therein.  Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998).

3

"California's statutory requirements for standing to bring a survival action are stated under California Code of Civil Procedure § 377.30." <u>Hayes</u>, 736 F.3d at 1226. A decedent's successor in interest may prosecute a survival action where there is no personal representative for the estate and if the successor otherwise satisfies the requirements of California law. <u>See Tatum v. City & Cty. of San Francisco</u>, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing Cal. Civ. P. Code §§ 377.30, 377.32). California law requires that any person seeking to commence a survival action under Section 377.30 execute and file an affidavit in compliance with California Code of Civil Procedure § 377.32.

The County challenges plaintiffs' failure to file the affidavits required by Section 377.32 to bring a survival action. However, failure to comply with this section does not mean that plaintiffs may not proceed with their survival action, because non-compliance may be cured during the lawsuit. <u>Frary v. Cty. of Marin</u>, 81 F. Supp. 3d 811, 846 (N.D. Cal. 2015) (citing <u>Parsons v. Tickner</u>, 31 Cal. App. 4th 1513, 1523-24 (2d Dist. 1995)). Instead, the court will order plaintiffs to file the requisite affidavits establishing that they have the capacity to proceed on behalf of decedent. <u>See Velez v. Tehama Cty. Sheriff's Dep't</u>, No. CV 17-960 WBS KJN, 2018 WL 746471, at *2 (E.D. Cal. Feb. 6, 2018) (same).

Accordingly, the court will not dismiss plaintiffs' claims against the County simply because plaintiffs have not yet complied with California Code of Civil Procedure § 377.32. Because plaintiffs will be given leave to file an amended

4

complaint, they may submit the requisite affidavits satisfying
Section 377.32 within the time given to amend their complaint.

C.  Municipal Liability

A municipality may not be held liable under 42 U.S.C. §
1983, unless a policy, practice, or custom of the municipality is
"the moving force of the constitutional violation." Monell v.
Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694
(1978).  Liability attaches for the municipality when a violation
of a federally protected right can be attributed to (1) an
official municipal policy,[1] Monell, 436 U.S. at 694; (2) "a
widespread practice that, although not authorized by written law
or express municipal policy, is so permanent and well settled as
to constitute a custom or usage with the force of law," City of
St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation and
quotations omitted); (3) a decision made or ratified by a person
with "final policymaking authority," id. at 123, 127; or (4)
inadequate training or supervision that is deliberately
indifferent to an individual's constitutional rights, City of
Canton v. Harris, 489 U.S. 378, 389 (1989).

1.  Policy or Custom

Liability for an improper custom "must be founded upon
practices of sufficient duration, frequency and consistency that
the conduct has become a traditional method of carrying out
policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).  It
cannot be based on "isolated or sporadic incidents." Id.  The
Ninth Circuit has "long recognized that a custom or practice can

---

[1]     Plaintiffs do not allege municipal liability on this
theory.

5

be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." Hunter v. Cty. of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011) (quotations and citations omitted). "[E]vidence of inaction--specifically, failure to investigate and discipline employees in the face of widespread constitutional violations--can support an inference that an unconstitutional custom or practice has been unofficially adopted by a municipality." Id. at 1234 n.8.

Plaintiffs argue that the County has a clear pattern and practice of disregarding the serious medical needs of persons in its custody. Plaintiffs allege that prior to the death of decedent, there were two other incidents where inmates were found unresponsive or dead in their cells after San Joaquin deputies disregarded their known medical needs. (Compl. ¶ 63.) Plaintiffs contend that the County's failure to discipline County sheriff's deputies for failing to provide medical care also supports the existence of a practice. (Id. ¶¶ 63-64.)

Plaintiffs' theory rests entirely on these other incidents to establish the existence of an improper custom. Municipal liability, however, requires that an improper custom be connected to a "widespread practice" traceable to the municipality. See Marsh v. Cty. of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012). A few alleged incidents standing alone cannot constitute practices of sufficient frequency, duration, and consistency. See, e.g., Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (one incident cannot establish a practice); Meehan v. Cty. of Los Angeles, 856 F.2d 102, 107 (9th

Cir. 1988) (two incidents cannot establish a custom).  Moreover,
plaintiffs have not alleged that the incidents are sufficiently
similar enough to constitute a custom.  The two other incidents
referenced in plaintiffs' complaint occurred when the respective
inmates were housed in their cells.  (Compl. ¶ 63.)  Here, the
relevant events immediately preceding decedent's death arose
during his transportation to court.  (Id. ¶¶ 22-24.)  It is true
that Ninth Circuit case law does not establish precisely how many
or how similar prior incidents there must be to constitute a
persistent practice.  See Gonzalez v. Cty. of Merced, 289 F.
Supp. 3d 1094, 1099 (E.D. Cal. 2017) (O'Neill, J.) (making a
similar observation).  Nevertheless, the complaint never alleges
why these incidents are similar[2] and frequent enough to
constitute standard operating procedure, and thus a factfinder
could not infer the existence of an improper custom.  See
Trevino, 99 F.3d at 918.  Because these same three incidents are
the sole basis for plaintiffs' allegation that the County has a
custom or policy of failing to train, retrain, supervise, and
discipline deputies involved in misconduct with persons with
serious medical needs (see Compl. ¶ 21), these allegations fail
to establish liability for this same reason.  Accordingly,
plaintiffs' municipal liability claim based on a policy or custom
must be dismissed.

    2.   Ratification

    A municipality may be liable for "an isolated
constitutional violation if the final policymaker 'ratified' a

---

    [2]   For instance, plaintiffs do not allege what specific
medical needs were at issue in these other incidents.

7

subordinate's actions." Christie v. Iopa, 176 F.3d 1231, 1238
(9th Cir. 1999) (citing Praprotnik, 485 U.S. at 127).
Ratification requires proof that authorized policymakers approved
of a subordinate's decision and the accompanying rationale. Id.
at 1239. Ratification requires knowledge of the constitutional
violation and express approval of the underlying acts. See id.;
see also Trevino, 99 F.3d at 920.

Plaintiffs allege that individuals at the highest
levels of authority ratified the deputies' unconstitutional
actions by not disciplining them. (See Compl. ¶¶ 21, 29 & 63-
64.) Ratification, however, requires more than acquiescence.
Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1231 (9th
Cir. 2014), rev'd on other grounds sub nom., City & Cty. of San
Francisco v. Sheehan, 135 S. Ct. 1765 (2015). Policymakers must
make a deliberate choice to endorse the constitutionally
violative acts. See Gillette v. Delmore, 979 F.2d 1342, 1348
(9th Cir. 1992). Here, plaintiffs have not alleged that any
policymaker on behalf of the County expressly approved of the
deputies' actions. The mere fact that officials failed to
discipline the deputies "does not amount to ratification of their
allegedly unconstitutional actions." Sheehan, 743 F.3d at 1231.
Accordingly, plaintiffs have failed to state a claim based on a
ratification theory.

3.   Inadequate Training or Supervision

A municipality can be held liable based on a failure to
train theory "only where the failure to train amounts to
deliberate indifference to the rights of persons with whom the
police come into contact." City of Canton, 489 U.S. at 388.

Relatedly, "a failure to supervise that is 'sufficiently inadequate' may amount to 'deliberate indifference.'" Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997) (internal quotation marks omitted). Mere negligent training or supervision does not give rise to municipal liability. Dougherty, 654 F.3d at 900.

Plaintiffs simply allege that the County "fail[ed] to provide adequate training and supervision" and "retrain deputies involved in misconduct."[3] (Compl. ¶ 21.) As such, plaintiffs' allegations are conclusory statements that amount to a mere recitation of the cause of action's elements, which are insufficient for the purposes of a motion to dismiss. See Dougherty, 654 F.3d at 900 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, to satisfy the deliberate indifference standard, plaintiffs would need to explain what the County's "training [or supervision] consisted of, whether there were prior similar acts or any other indications that there was a

---

[3] In its opposition, plaintiffs ask this court to apply a relaxed pleading standard and accept allegations that lack elaborate factual details. This court has previously rejected this argument as inconsistent with Federal Rule of Civil Procedure 8. See McDaniels v. Cty. of San Joaquin, No. 2:16-cv-2007 WBS DB, 2017 WL 915356, at *3 (E.D. Cal. Mar. 7, 2017) (citing Iqbal, 556 U.S. at 678-79). Allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying this standard to Monell claims).

need for more or different training [or supervision], [and] whether the alleged inadequacy was likely to result in constitutional violations." <u>Close v. City of Vacaville</u>, No. 2:17-cv-1313 WBS DB, 2017 WL 6497924, at *3 (E.D. Cal. Dec. 19, 2017). Because the complaint does not plead all these facts, plaintiffs have failed to state a claim for municipal liability under an inadequate training or supervision theory.

Accordingly, because plaintiffs have failed to allege sufficient facts for any theory of municipal liability, the court will dismiss plaintiffs' only cause of action against the County.

IT IS THEREFORE ORDERED THAT the County's Motion to Dismiss (Docket No. 8) be, and the same hereby is, GRANTED.[4]

Plaintiffs have thirty days from the date this Order is signed to file a First Amended Complaint, if they can do so consistent with this Order.

Plaintiffs also have thirty days from the date this Order is signed to file the requisite affidavits to comply with California Code of Civil Procedure § 377.32.

Dated: June 4, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] The parties agree that this is one of those cases where plaintiffs "should be given an opportunity through discovery to identify the unknown defendants." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980); <u>see also</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (same). Accordingly, plaintiffs may properly proceed against the Doe sheriff's deputies until such time as their names have been identified.

10