UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CINDY M. ALEJANDRE; and DAVID GONZALEZ II, as co-successors-in-interest to decedent David Gonzalez III,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as Sheriff's Deputies for the San Joaquin County Sheriff's Department,<br><br>　　　　　Defendants. | No. 2:19-cv-233 WBS KJN<br><br>MEMORANDUM AND ORDER RE: DEFENDANT COUNTY OF SAN JOAQUIN'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

----oo0oo----

　　　　Plaintiffs Cindy M. Alejandre and David Gonzalez II brought this survival and wrongful death action against the County of San Joaquin ("the County") and unidentified individual defendants for their conduct in connection with the death of David Gonzalez III.  Before the court is the County's motion to

1

dismiss plaintiffs' First Amended Complaint ("FAC").  (Docket No. 18.)

The court described much of the factual and procedural background to this lawsuit in its prior order granting the County's motion to dismiss the original complaint.  (Mem. & Order Re: Mot. to Dismiss ("MTD Order") (Docket No. 12).)  The court found that plaintiffs failed to state a claim under 42 U.S.C. § 1983 for municipal liability -- plaintiffs' only claim against the County.  The court gave plaintiffs thirty days to file an amended complaint and the affidavits needed to comply with California Code of Civil Procedure § 377.32.  (See id.)  On July 3, 2019, plaintiffs filed the necessary affidavits and their FAC, which alleges one cause of action against the County under 42 U.S.C. § 1983.  (Docket No. 17.)  The County again moves to dismiss this cause of action.

A municipality may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the municipality is "the moving force of the constitutional violation."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).  Liability attaches for the municipality when a violation of a federally protected right can be attributed to (1) an official municipal policy,[1] id.; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation and quotations

---

[1] Plaintiffs do not argue for municipal liability based on an official municipal policy.

omitted); (3) a decision made or ratified by a person with "final policymaking authority," id. at 123 & 127; or (4) inadequate training or supervision that is deliberately indifferent to an individual's constitutional rights, City of Canton v. Harris, 489 U.S. 378, 389 (1989).

In their FAC, plaintiffs have not changed their allegations from those in the original complaint with respect to their ratification (compare FAC ¶¶ 18, 21, 29-30 & 60-67, with Compl. ¶¶ 18, 21, 29-30 & 60-67 (Docket No. 1)) or inadequate training or supervision (compare FAC ¶¶ 15, 21 & 63-64, with Compl. ¶¶ 15, 21 & 63-64) theories of liability. Plaintiffs modified their allegations as to their policy or custom theory only superficially. (Compare FAC ¶¶ 63-64, with Compl. ¶¶ 63-64.) These modifications did not substantively change the factual basis for this theory of liability. The court therefore finds that the FAC does not state a claim for municipal liability under these three theories for the same reasons identified in the court's previous order. (See MTD Order at 5-10.)[2]

Because plaintiffs have failed to allege sufficient facts for any theory of municipal liability, the court will dismiss plaintiffs' only cause of action against the County. Further, because plaintiffs failed to meaningfully amend their complaint notwithstanding the court's prior order, the court finds that further amendment would be futile. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

---

[2] Plaintiffs again ask this court to apply a relaxed pleading standard and accept allegations that lack elaborate factual detail. The court rejects this argument for the same reasons it did previously. (See id. at 9 n.3.)

3

IT IS THEREFORE ORDERED THAT the County's Motion to Dismiss (Docket No. 18) be, and the same hereby is, GRANTED. Plaintiffs' fourth cause of action as against the County is DISMISSED WITH PREJUDICE.

Dated: August 28, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE