UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CINDY M. ALEJANDRE and DAVID GONZALEZ II as co-successors-in-interest to Decedent David Gonzalez III,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation, and DOES 1-50, inclusive, individually and in their official capacity as Sheriff's Deputies for the San Joaquin County Sheriff's Department,<br><br>　　　　Defendants. | No. 2:19-cv-00233 WBS KJN<br><br>ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |

----oo0oo----

Decedent David Gonzalez III ("decedent") was arrested on June 22, 2018 and detained at the San Joaquin County Jail. (First Am. Compl. ("FAC") ¶ 4 (Docket No. 17).) He allegedly complained of feeling ill, but his requests for medical assistance were repeatedly denied. (Id.) On June 26, 2018,

1

decedent was transported to Stockton Superior Court for his arraignment. (FAC ¶ 1.) He again complained of feeling ill, and again his requests for medical assistance were denied. (Id.) Decedent was later found unconscious and without a pulse. (FAC ¶ 2.) He was taken to St. Joseph's Hospital in Stockton, California, and pronounced dead. (FAC ¶ 3.)

Decedent's successors in interest, Cindy M. Alejandre and David Gonzalez II (collectively "plaintiffs"), brought this action against the County of San Joaquin ("the County") and presently unnamed Sheriff's Deputies seeking relief under 42 U.S.C. § 1983, the Tom Bane Civil Rights Act, and other provisions of state law. (FAC ¶¶ 37-92.) This court dismissed plaintiffs' Monell claim against the only named defendant at the time, the County. (Docket No. 24.) Plaintiffs now seek leave to file a second amended complaint to name the County of San Joaquin as a party under a respondeat superior theory of liability on plaintiffs' state law claims. (Docket No. 25.)

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and internal quotations omitted). Whether to grant or deny leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). When deciding whether to grant leave to amend, district courts will consider (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed

2

amendment.  Eminence Capital, 316 F.3d at 1051-52 (quoting id.).
The "consideration of prejudice to the opposing party" bears most
heavily on a district court's determination.  Id. at 1052 (citing
DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.
1987).  "Absent prejudice, or a strong showing of any of the
remaining Foman factors, there exists a presumption under Rule
15(a) in favor of granting leave to amend."  Id. (emphasis in
original).

    At parties' meet and confer, the County agreed to allow
the plaintiffs to amend their complaint to name the County under
a respondeat superior theory on plaintiffs' state law claims, to
answer the amended complaint rather than move to dismiss the
claims, and to identify the presently unnamed Sheriff's Deputies
plaintiffs seek to add as individual defendants.  (Mot. to Amend
at 3-4 (Docket No. 25).)  This agreement, coupled with the fact
that the County has not yet answered plaintiffs' first amended
complaint, dispels any concern about prejudice to defendants.
The plaintiffs filed this present motion without undue delay
following this court's dismissal of the plaintiffs' Monell claim,
and an amended complaint would allow the parties to proceed
against named parties instead of proceeding against a number of
unnamed individuals.  The court finds the lack of prejudice and
the Foman factors weigh in favor of granting the plaintiffs'
motion for leave to amend their complaint.

    IT IS THEREFORE ORDERED that plaintiffs' motion to file
a second amended complaint (Docket No. 25), be, and the same
thereby is, GRANTED.

///

Dated: November 25, 2019

                WILLIAM B. SHUBB
                UNITED STATES DISTRICT JUDGE