**LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
K. CHIKE ODIWE, Esq. (SBN 315109)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
chike.odiwe@johnburrislaw.com

Attorneys for Plaintiffs
CINDY M. ALEJANDRE and
DAVID GONZALEZ II

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY M. ALEJANDRE; and DAVID GONZALEZ II as Co-Successors-in-Interest to Decedent David Gonzalez III,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation; STEVEN BAXTER, individually and in his capacity as a Sheriff's deputy for the COUNTY OF SAN JOAQUIN Sheriff's Department; MATTHEW FELBER, individually and in his capacity as a Sheriff's deputy for the COUNTY OF SAN JOAQUIN Sheriff's Department; CHUE VANG, individually and in | CASE NO.: 2:19-cv-00233-WBS-KJN<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

his capacity as a Sheriff's deputy for the COUNTY OF SAN JOAQUIN Sheriff's Department; JASON ROHDENBURG, individually and in his capacity as a Sheriff's deputy for the COUNTY OF SAN JOAQUIN Sheriff's Department; BARBARA GOEMAN and DOES 1-25, inclusive, individually and in their official capacity as Sheriff's Deputies for the COUNTY OF SAN JOAQUIN Sheriff's Department,

Defendants.

## INTRODUCTION

1. This case arises out of the wrongful death of David Gonzalez III. On June 26, 2018, at approximately 1:00 p.m., Decedent David Gonzalez III was being transported to Stockton Superior Court from the San Joaquin County Jail ("SJCJ"). He complained of feeling ill. He asked for help and an undentified San Joaquin County Sheriff's deputy responded by telling Decedent to "Shut up!"

2. Sometime later, the deputies found Decedent unconscious and without a pulse.

3. As a result of the deputies' negligent conduct, Gonzalez was later pronounced dead at St. Joseph's hospital in Stockton, California.

4. Prior to his death, the deputies were on notice that Decedent was suffering from a medical condition. On June 22, 2018, Decedent was arrested and taken into custody at San Joaquin County Jail. Decedent had repeatedly complained of feeling ill while detained over the weekend, however he was denied any medical treatment.

5. Decedent's requests for medical attention were disregarded and ridiculed by the deputies, who told him to "Shut the fuck up!" and "Stop being a little bitch!"

6. This civil rights and wrongful death action seeks compensatory and punitive damages against Defendants for violating various rights under the United States Constitution and California state law in connection with the wrongful death of the Decedent, David Gonzalez III.

## JURISDICTION AND VENUE

7. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and

practices alleged herein occurred in the County of San Joaquin, California, which is within the judicial district of this Court.

8. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

10. Decedent, David Gonzalez III (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by his Co-Successors-in-Interest CINDY M. ALEJANDRE; and DAVID GONZALEZ II. Said Plaintiffs are the people with standing to bring this action as Decedent was unmarried at the time of his death.

11. Plaintiff CINDY M. ALEJANDRE (hereinafter "Plaintiff CINDY M. ALEJANDRE") is and was at all times herein mentioned the biological mother of Decedent. Plaintiff CINDY M. ALEJANDRE sues in her individual capacity and as Co-Successor-in-Interest to Decedent.

12. Plaintiff DAVID GONZALEZ II (hereinafter "Plaintiff DAVID GONZALEZ II") is and was at all time herein mentioned the biological father of Decedent. Plaintiff DAVID GONZALEZ II sues in his individual capacity and as a Co-Successor-in-Interest to Decedent.

13. Defendant COUNTY OF SAN JOAQUIN (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Joaquin County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants, individually and as peace officers.

14. At all times mentioned herein, Defendant STEVEN BAXTER (hereinafter "BAXTER"), is a correctional officer at SJCJ, and an employee of the COUNTY OF SAN JOAQUIN Sheriff's Department. Defendant BAXTER is being sued individually and in his official capacity as a Correctional Officer for the COUNTY OF SAN JOAQUIN Sheriff's Department at SJCJ.

15. At all times mentioned herein, Defendant MATTHEW FELBER (hereinafter "FELBER"), is a correctional officer at SJCJ, and an employee of the COUNTY OF SAN JOAQUIN Sheriff's Department. Defendant FELBER is being sued individually and in his official capacity as a Correctional Officer for the COUNTY OF SAN JOAQUIN Sheriff's Department at SJCJ.

16. At all times mentioned herein, Defendant CHUE VANG (hereinafter "VANG"), is a correctional officer at SJCJ, and an employee of the COUNTY OF SAN JOAQUIN Sheriff's Department. Defendant VANG is being sued individually and in his official capacity as a Correctional Officer for the COUNTY OF SAN JOAQUIN Sheriff's Department at SJCJ.

17. At all times mentioned herein, Defendant JASON ROHDENBERG (hereinafter "ROHDENBERG"), is a correctional officer at SJCJ, and an employee of the COUNTY OF SAN JOAQUIN Sheriff's Department. Defendant ROHDENBURG is being sued individually and in his official capacity as a Correctional Officer for the COUNTY OF SAN JOAQUIN Sheriff's Department at SJCJ.

18. At all times mentioned herein, Defendant BARBARA GOEMAN (hereinafter "GOEMAN"), is a registered nurse at SJCJ, and an employee of the COUNTY OF SAN JOAQUIN. Defendant GOEMAN is being sued individually and in her official capacity as a registered nurse for the COUNTY OF SAN JOAQUIN at SJCJ.

19. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs allege Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the Defendants DOE San Joaquin County Sheriff's Deputies violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful

death of Decedent. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

20. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the sheriff's deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

21. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed a claim against the County of San Joaquin on August 10, 2018 and August 13, 2018. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.

## GENERAL ALLEGATIONS

22. On June 26, 2018 at or about 1:00 p.m., Decedent was being transported to Stockton Superior Court for his arraignment. Decedent complained of feeling ill. Decedent asked for help but was told to "shut up" Defendant VANG and other Doe Defendant Deputies.

23. After being alerted by the other inmates that something was wrong with Decedent, the COUNTY Sheriff Deputies BAXTER, FELBER, and ROHDENBURG ignored Decedent's cries for medical attention and instead picked him up and carried him onto the transport bus. Defendants BAXTER, FELBER, and ROHDENBURG thereafter continued to ignore Decedent's requests for medical attention during the transport to the courthouse. Upon arrival at the courthouse Defendants then found Decedent lying unconscious on the transport bus and without a pulse.

24. Decedent was later pronounced dead at St. Joseph's Hospital in Stockton, California.

25. Four days prior to his untimely death, on June 22, 2018, Decedent was arrested and taken into custody at SJCJ. Decedent repeatedly complained of feeling ill while detained over the weekend, however he was denied any medical attention by Defendant GOEMAN. Decedent's requests for medical attention were disregarded and ridiculed by Defendant deputies, who told him to "shut the fuck up!" and "stop being a little bitch!"

26. Decedent's death was proximately caused by the breach of the standard of care he suffered at the hands of Defendants BAXTER, FELBER, VANG, ROHDENBURG, and GOEMAN.

27. Plaintiffs allege that reasonable deputies in Defendants' position would have clearly been on notice that Decedent required medical attention prior to his death.

28. The actions and omissions of Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOE San Joaquin County Sheriff Deputies were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.

29. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

## DAMAGES

30. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

31. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses

pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

32. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

33. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983, and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Denial of Medical Care/Failure to Summon Medical Care)**
**(Plaintiff CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25)**

34. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

36. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

38. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

39. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Cal. Gov. Code 845.6)**
**(Failure to Summon Medical Care)**
**(Plaintiff CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25)**

40. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

42. Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25 knew Decedent David Gonzalez III was in need of immediate medical care because Decedent himself informed Defendants of his need for medical attention on several occasions while he was held at SJCJ. On June 22, 2018, Decedent informed Defendant GOEMAN that he would need medical care because he was going through withdrawals from opiates. In addition, witnesses observed decedent ringing the emergency medical button frequently during the morning hours of June 25, 2018. Defendant Doe Deputies were observed responding to Decedent and telling Decedent just drink some water and lay down. Defendant VANG heard Decedent claim he was going through excruciating pain from detox on June 26, 2018. Finally, Defendants BAXTER, FELBER, and ROHDENBURG forced Decedent on a transport bus despite Decedent's continuous requests to be provided medical attention.

43. On several occasions while Decedent was held at SJCJ Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25 failed to summon medical care despite Decedent's continuous requests for medical care relating to his detox and/or illness due to withdrawals.

44. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

### THIRD CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Plaintiff CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25)**

45. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 44 of this Complaint.

46. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had lived.

47. Defendant(s) conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

49. Defendants conduct was unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

50. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**

**(Plaintiffs CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25)**

51. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 50 of this Complaint.

52. Plaintiffs CINDY M. ALEJANDRE; and DAVID GONZALEZ II had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their son, Decedent.

53. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

54. As a result of the denial of medical care by Defendants, Decedent died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with their son, Decedent.

55. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

56. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, Plaintiffs CINDY M. ALEJANDRE; and DAVID GONZALEZ II, and with purpose to harm unrelated to any legitimate law enforcement objective.

57. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiffs.

58. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

59. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

60. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Plaintiff CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, COUNTY, and DOES 1-25)**

61. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 60 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

62. Defendants ignored Decedent's pleas for medical attention despite their duty to ensure the safety of Decedent during detention and transport from the jail to the courthouse. Because Decedent died intestate, unmarried, and without issue, Plaintiffs are the proper people to sue for his wrongful death under California state law.

63. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant County, as set forth herein-above proximately caused the death of Decedent.

64. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their son, Decedent, in an amount according to proof at trial.

65. As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

66. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Violation of California Civil Code §52.1)
(Plaintiff CINDY M. ALEJANDRE; and DAVID GONZALEZ, Co-Successors-in-Interest to Decedent David Gonzales III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, COUNTY, and DOES 1-25)

67. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 66 of this Complaint.

68. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

69. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

70. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

71. Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of their reasonable attorney's fees pursuant to Civil Code § 52(a).

72. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Survival Action: Battery)
(Plaintiffs CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, COUNTY and DOES 1-25)

73. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 72 of this Complaint.

74. Defendants' conduct caused a harmful and/or offensive touching of Decedent.

75. Defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Survival Action: Intentional Infliction of Emotional Distress)**
**(Plaintiffs CINDY M. ALEJANDRE; and DAVID GONZALEZ II, Co-Successors-in-Interest to Decedent David Gonzalez III against Defendants BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, COUNTY and DOES 1-25)**

76. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 75 of this Complaint.

77. Defendants' above-described conduct was extreme, unreasonable and outrageous.

78. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of the use of excessive force by forcing Decedent onto a transport bus without providing or summoning medical care when the need for care was readily apparent.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### JURY DEMAND

79. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof as to BAXTER, FELBER, VANG, ROHDENBURG, GOEMAN, and DOES 1-25;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated:  March 30, 2020                    **LAW OFFICES OF JOHN L. BURRIS**

                                             /s/ *John L. Burris*
                                                 John L. Burris, Esq.,
                                                 Attorney for Plaintiffs