UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CINDY M. ALEJANDRE; and DAVID GONZALEZ II as Co-Successors-in-Interest to Decedent David Gonzales III,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation; STEVEN BAXTER, individually and in his capacity as a Sheriff's deputy for the County of San Joaquin Sheriff's Department; MATTHEW FELBER, individually and in his capacity as a Sheriff's deputy for the County of San Joaquin Sheriff's Department; CHUE VANG; individually and in his capacity as a Sheriff's deputy for the County of San Joaquin Sheriff's Department; JASON ROHDENBURG, individually and in his capacity as a Sheriff's deputy for the County of San Joaquin Sheriff's Department; BARBARA GOEMAN and DOES 1-25, inclusive, individually and in their official capacity as Sheriff's Deputies for the County of San Joaquin Sheriff's Department, | No. 2:19-cv-00233-WBS-KJN<br><br>MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT |

Defendants.

----oo0oo----

Plaintiffs Cindy M. Alejandre and David Gonzalez II ("plaintiffs") brought this action against the County of San Joaquin, and Sergeant Steven Baxter, Deputy Matthew Felber, Deputy Chue Vang, Deputy Jason Rohdenburg, Deputy Barbara Goeman, and Does 1-25 ("defendants") seeking compensatory and punitive damages against defendants for violating federal civil rights under 42 U.S.C. § 1983, and seeking both survival and wrongful death damages pursuant to state law in connection with the death of the decedent, David Gonzalez III.

Presently before the court are plaintiffs' Motion for Leave to File a Fourth Amended Complaint, ("Pls.' Mot. to Amend") (Docket No. 47.), and plaintiffs' Request to File under Seal Documents in Support of Plaintiffs' Reply to File a Fourth Amended Complaint. ("Pls.' Mot. to Seal.") (Docket No. 55.)

I.   Factual and Procedural Background[1]

The court issued a pretrial scheduling order in this case on December 30, 2019. (Scheduling Order (Docket No. 34).) The court ordered therein that all discovery must be completed by November 20, 2020. (Id. at 3.) The court additionally stated that "no further joinder of parties or amendments to pleadings

---

[1] The court has previously recited in detail the factual background of this case in its order granting defendants' motion to dismiss. (See Order Granting Motion to Dismiss at 2 (Docket No. 12).) Accordingly, the court will refrain from doing so again.

2

will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (Id. at 2.)

Nevertheless, the court specifically contemplated plaintiffs amending their complaint following the production of the protocol investigation report by defendants, stating "[i]f plaintiffs wish to substitute individual deputies for the current Doe defendants after reviewing the County's autopsy and protocol investigation report, they must do so either by stipulation or noticed motion." (Id. at 2 n.1.) Plaintiffs took advantage of that opportunity, and after receiving the protocol investigation report, filed a Third Amended Complaint adding individual deputies on March 30, 2020. (Third Amended Complaint("TAC") (Docket No. 37).)

Plaintiffs now seek to file a Fourth Amended Complaint, dismissing defendant Deputy Chue Vang from the action and adding Correctional Health Services Deputies Jose Hernandez, Carlos Prieto, Phillip Hicks, Khankhoune Kannalikham, and Sergeants Anthony Goulart and Jason Whelan as defendants. (See Pls.' Mot. to Amend at 2.)

II. Discussion

    A. Motion to Amend

Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, which establishes a timetable for amending pleadings, that rule's standards control. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992.) "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ.

3

1  P. 16(b)(4).  Unlike Rule 15(a)'s liberal amendment policy which
2  focuses on the bad faith of the party seeking to interpose an
3  amendment and the prejudice to the opposing party, Rule 16(b)'s
4  good cause standard primarily considers the diligence of the
5  party seeking the amendment.  See Johnson, 975 F.2d at 609.
6           A district court may modify the pretrial schedule if it
7  cannot reasonably be met despite the diligence of the party
8  seeking the extension.  See id. (citing Fed. R. Civ. P. 16
9  advisory committee's notes to 1983 amendment.)  Although the
10 existence or degree of prejudice to the party opposing the
11 modification might supply additional reasons to deny a motion,
12 the focus of the inquiry is upon the moving party's reasons for
13 seeking modification.  Id. (citing Gestetner Corp. v. Case Equip
14 Co., 108 F.R.D. 138, 141 (D. Me. 1985).)  If the moving party was
15 not diligent, the inquiry should end.  Id.
16          Plaintiffs argue that they acted diligently but were
17 nevertheless unable to determine the exact role and significance
18 of the defendants they seek to add before the scheduling order
19 deadline for amending pleadings.  (See Pls.' Mot. to Amend at 7–
20 8.)  Plaintiffs contend that they only recently learned the
21 specific roles and conduct of these actors during the recent
22 depositions of defendants Sergeant Steven Baxter, Deputy Jason
23 Rohdenburg, and Deputy Chue Vang on August 6, 2020 and August 7,
24 2020.  (See Decl. of K. Chike Odiwe in Supp. of Plfs.' Mot. for
25 Leave to File a Fourth Amended Compl. at ¶¶ 12-16 ("Odiwe
26 Decl.").)  Specifically, plaintiffs maintain that the information
27 contained in the protocol investigation report, including the
28 interviews, does not delineate any actionable conduct against the

4

defendants that plaintiffs seek to add to their Complaint. ("Pls.' Reply in Supp. of Mot. to Amend" at 7.) (Docket No. 54.)[2]

Defendants dispute plaintiffs' purported diligence and contend that they will be prejudiced by the late addition of seven new defendants just six weeks before the November 20, 2020 fact discovery cut-off.  (See Defs.' Opp. to Pl.'s Mot. to Amend at 8-9 ("Defs.' Opp.") (Docket No. 53).)  Defendants further emphasize that plaintiffs received the protocol report over eight months ago and that this report contains written summaries of interviews, and in some cases audio-recordings, which describe in depth the involvement of all the defendants that plaintiffs seek to add to their complaint, with the exception of Sergeant Goulart. (See id.)

To determine the extent of the knowledge that plaintiffs had about the role and conduct of the defendants they seek to add prior to the depositions in this case in early August, the court will analyze the interview summaries in the excerpts of the protocol investigation report provided by plaintiffs and the information contained about each defendant in turn.  (See Pls.' Mot. to Seal at Ex. B ("Ex. B").)[3]

---

[2] Plaintiffs' also contend that they failed to amend prior to the deadline because defendants did not produce any documents in the case until a month after the deadline for amendment had passed. (See Pls.' Mot. to Amend at 8.)  As noted earlier, the court specifically contemplated allowing plaintiffs to amend after receiving the production of documents like the protocol investigation report from defendants. (See Scheduling Order at 2 n. 1.)  Accordingly, this objection is meritless and will not be considered.

[3] Neither plaintiffs nor defendants spend any time in their briefs discussing whether plaintiffs acted diligently and have demonstrated good cause to dismiss Deputy Chue Vang as a defendant.  The court gathers that in the course of the August

5

1. Sergeant Anthony Goulart

Plaintiffs claim that Sergeant Goulart, who was the head of the classification unit, had the responsibility to ensure that the decedent was properly housed and received proper medical attention, as decedent indicated to the county jail staff that he was withdrawing from opioids during the booking process. (See Pls.' Mot. to Amend at 7.) Plaintiffs maintain that they only learned of Sergeant Goulart through the August 7, 2020 deposition of Deputy Rohdenburg. (Id.) Sergeant Goulart was not included in the protocol investigation report because he had no interaction with decedent at any point during his incarceration. (Defs.' Opp. at 7.) Because Sergeant Goulart was apparently not mentioned in the discovery materials provided to plaintiffs, the court finds that plaintiffs acted diligently and that there is good cause for plaintiffs to amend their complaint to add Sergeant Goulart as a defendant.

2. Deputies Jose Hernandez and Carlos Prieto

Plaintiffs claim that the deposition testimony of Sergeant Baxter on August 6, 2020 revealed to plaintiffs for the first time that Deputies Hernandez and Prieto forcibly dragged decedent from his holding cell to the waiting room for the transport bus to the Stockton Superior Court despite decedent complaining multiple times that he felt too ill for the

---

deposition of Deputy Vang, the plaintiffs determined that Deputy Vang did not merit inclusion as a defendant. Given that this motion was filed shortly thereafter, and seeing no objection to the dismissal of Deputy Vang by defendants, the court finds that plaintiffs acted diligently in dismissing Deputy Vang and that there is good cause to do so under Federal Rule of Civil Procedure 16(b).

1  transport.  (See Pls' Mot. to Amend at 7.)  However, in his
2  interview, Deputy Hernandez stated that decedent appeared to be
3  reusing to walk, which Deputies Prieto and Hernandez took as a
4  sign that decedent was acting in a passive aggressive manner.
5  (See Ex. B at 19.)  Deputies Prieto and Hernandez picked decedent
6  up under each arm and carried him to the transportation lobby.
7  (See id.)  Deputy Hernandez said that although decedent was
8  sweating, he did not make a request for medical attention.  (Id.)
9  Deputy Prieto stated that the inmate cuffed to decedent told him
10 that the decedent might be sick, but that when Deputy Prieto
11 asked decedent if he needed medical attention the decedent did
12 not respond or request medical aid.  (Id. at 21.)

13         Although plaintiffs' counsel claimed at oral argument
14 that the protocol investigation report did not reveal whether
15 Deputies Prieto or Hernandez had actually dragged decedent from
16 his cell or had just carried him into the waiting room, Deputy
17 Hernandez's interview clearly stated that decedent was "an inmate
18 that was housed in Intake three, in one of which he assisted in
19 walking from his housing unit to the transportation lobby."  (Id.
20 at 19.)

21         Accordingly, plaintiffs had sufficient information to
22 ascertain the role and actions of Deputies Hernandez and Prieto
23 in relation to the decedent when they filed their Third Amended
24 Complaint in March.  Because plaintiffs did not act diligently in
25 seeking to add Deputies Prieto and Hernandez, the court finds
26 that plaintiffs lack good cause to do so now under Federal Rule
27 of Civil Procedure 16(b).
28         3.   Deputy Khankhoune Kannalikham

7

Plaintiffs claim that the August 6, 2020 deposition of Sergeant Baxter revealed for the first time that Deputy Kannalikham forcibly grabbed defendant as he was in front of the transport bus and forced him to enter despite his readily apparent need for medical attention.  (See Pls.' Mot. to Amend at 7.)  However, in Deputy Kannalikham's interview in the protocol investigation report, he clearly stated that he and Sergeant Baxter had to place decedent on the bus.  (See Ex. B at 4.)  Specifically, Deputy Kannalikham stated that he "stepped up inside the bus, and assisted with pulling [decedent] up and in, as Sergeant Baxter pushed him up by the waist."  (Id.)

Thus, plaintiffs had sufficient information to ascertain the role and actions of Deputy Kannalikham in relation to decedent when they filed their Third Amended Complaint in March.  Because plaintiffs did not act diligently in seeking to add Deputy Kannalikham, the court finds that plaintiffs lack good cause to do so now under Federal Rule of Civil Procedure 16(b).

        4.   <u>Deputies Vince Chunn and Phillip Hicks</u>

Plaintiffs claim that the deposition testimony of Sergeant Baxter on August 6, 2020 revealed for the first time that Deputies Chunn and Hicks, who were assigned to work the transport bus to the courthouse, had the responsibility to ensure the well-being of decedent while on the bus and forcibly grabbed decedent and placed him on the bus despite his need for medical aid.  (See Pls.' Mot. to Amend at 7; see also Pls.' Reply at 8.)  However, Deputy Chunn's interview in the protocol investigation report made it clear that he was the driver of the van and that he performed chest compressions on the decedent once the other

inmates in the van revealed that the decedent was unconscious. (See Ex. B at 11.)  The interview of Deputy Hicks likewise made it evident that he was also assigned to the transport bus and was involved in the medical aid to decedent after arriving at the Stockton Courthouse.  (See id. at 14.)[4]

Therefore, plaintiffs had sufficient information to ascertain the roles and actions of Deputies Chunn and Hicks in relation to decedent when they filed their Third Amended Complaint in March.  Because plaintiffs did not act diligently in seeking to add Deputies Chunn and Hicks, the court finds that plaintiffs lack good cause to do so now under Federal Rule of Civil Procedure 16(b).

### 5. Sergeant Jason Wheelen[5]

Plaintiffs claim that through the depositions of Sergeant Baxter and Deputy Felber, it became apparent for the first time that Sergeant Wheelen knew of decedent's medical condition and anticipated arrival at the courthouse but failed to

---

[4] Plaintiffs are correct that there is some discrepancy between Deputy Chunn's interview and that of Deputy Hicks. Deputy Chunn states that Deputy Hicks assisted Sergeant Baxter in loading the decedent onto the transport van.  (Ex. B at 11.) Deputy Hicks maintains that Deputy Kannalikham and Sergeant Baxter were those who loaded decedent onto the bus, an account that is corroborated by Deputy Kannalikham.  (Ex. B at 4, 14.) These differences in the accounts between Deputies Chunn and Hicks do not alter the court's analysis.

[5] Plaintiffs failed to include the interview with Sergeant Wheelen in the protocol investigation report in their motion.  Though plaintiffs claim that the importance of Sergeant Wheelen was also identified through videos they were provided in the course of discovery, this evidence was likewise not provided to the court nor do plaintiffs give any indication as to when these videos were produced.

1  prepare any medical attention for decedent prior to his arrival
2  and respond to a medical emergency for over 20 minutes.  (See
3  Pls.' Mot. to Amend at 7-8.)  However, the interview of Deputy
4  Felber in the protocol investigation report stated that Sergeant
5  Baxter called ahead to the courthouse and advised that the
6  decedent was acting erratically, and that Sergeant Baxter wished
7  to alert the courthouse deputies in case the decedent pushed the
8  medical alert button in the cells.  (See Ex. B at 9.)

9         The report went on to state that Deputy Felber advised
10 Sergeant Baxter not to bring the decedent to court because the
11 Stockton courthouse could not spare two deputies to accompany the
12 decedent to the hospital if he requested medical aid while at the
13 courthouse.  (Id.)  Sergeant Baxter informed Deputy Felber that
14 decedent was already on the bus and that if they wanted to refuse
15 the decedent at the courthouse, that would be Sergeant Wheelen's
16 decision.  (Id.)  Deputy Felber stated that he spoke about
17 decedent with Sergeant Wheelen and that Sergeant Wheelen advised
18 he would assess as the bus arrived and determine whether they
19 would accept or refuse decedent.  (Id.)

20        Therefore, plaintiffs had sufficient information to
21 ascertain the roles and actions of Sergeant Wheelen in relation
22 to decedent when they filed their Third Amended Complaint in
23 March.  Because plaintiffs did not act diligently in seeking to
24 add Sergeant Wheelen, the court finds that plaintiffs lack good
25 cause to do so now under Federal Rule of Civil Procedure 16(b).
26        After determining whether the plaintiffs have been
27 diligent, the existence or degree of prejudice to the party
28 opposing the modification may supply additional reasons to deny a

1  motion to amend.  <u>Johnson</u>, 975 F.2d at 609.  However, no
2  appreciable prejudice to defendants other than Sergeant Goulart
3  will exist from adding him as a defendant since the court will
4  extend all the deadlines in this case by 60 days.  Moreover, this
5  case is still in a relatively early state of discovery and the
6  proposed amendment is based on the same nucleus of facts and
7  witnesses.  (<u>See</u> Pls.' Mot. to Amend at 9.)
8         Accordingly, the court will grant the motion to amend
9  in part and allow plaintiffs to add Sergeant Anthony Goulart as a
10 defendant and dismiss Deputy Chue Vang as a defendant.  The court
11 will deny the motion to amend as to the six other defendants that
12 plaintiffs seek to add.
13         B.   Request to File Under Seal
14         In connection with the motion to amend, plaintiffs seek
15 to file under seal interviews from the San Joaquin County's
16 protocol investigation because they allegedly contain
17 confidential information subject to protection pursuant to the
18 parties' stipulated protective order and contain sensitive
19 information regarding the subject incident.  (<u>See</u> Pls.' Mot. to
20 Seal at 2.)  Plaintiffs attached some of these interviews as
21 "Exhibit B" in support of plaintiffs reply to file a fourth
22 amended complaint.  (<u>See</u> <u>id.</u>)
23         There is a strong presumption in favor of access unless
24 a particular court record is one traditionally kept secret.  <u>See</u>
25 <u>Kamakana v. City & Cty. Of Honolulu</u>, 447 F.3d 1172, 1178 (9th
26 Cir. 2006) (internal citations and quotations omitted).
27 Plaintiffs have done nothing to overcome this presumption.  They
28 filed no brief in support of their position and only recited,

11

1  without providing further information or detail, that the
2  document contained confidential information pursuant to a
3  stipulated protective order between the parties and contained
4  sensitive information.  (See Pls.' Mot. to Seal at 2.)  Because
5  plaintiffs have not carried their burden to demonstrate why
6  "Exhibit B" must be sealed, their request to file this document
7  under seal is denied.
8           IT IS THEREFORE ORDERED that plaintiffs' Motion for
9  Leave to File a Fourth Amended Complaint (Docket No. 47) be, and
10 hereby is, GRANTED in part.  Plaintiffs may add Sergeant Anthony
11 Goulart as a defendant and dismiss defendant Deputy Chue Vang.
12 The motion is DENIED as to all other defendants that plaintiffs
13 seek to add.  Plaintiffs' Request to File Under Seal Documents in
14 Support of Plaintiffs' Reply to File a Fourth Amended Complaint
15 is DENIED WITHOUT PREJUDICE.
16          It is further ORDERED that the Scheduling Order of
17 December 30, 2019 (Docket No. 34) is hereby modified as follows:
18          1.   The parties have until January 19, 2021 to complete
19 all discovery.  All motions to complete discovery must be noticed
20 on the magistrate judge's calendar in accordance with the local
21 rules of this court and so that such motions may be heard (and
22 any resulting orders obeyed) not later than January 19, 2021.
23          2.   All motions, except motions for continuances,
24 temporary restraining orders, or other emergency applications,
25 shall be filed on or before February 19, 2021.
26          3.   The Final Pretrial Conference is set for May 10,
27 2021 at 1:30 p.m. in Courtroom No. 5.
28          4.   The jury trial is set for July 7, 2021 at 9:00

1  a.m.  The parties estimate that the trial will last five to seven
2  days.
3          5.   In all other respects the Scheduling Order of
4  December 30, 2019 remains in full force and effect.
5          IT IS SO ORDERED.
6  Dated:  October 7, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE